BOWDOIN et al. v. HOUSTON & T. C. R. CO.
(No. 6200.)

(Court of Civil Appeals of Texas. San Antonio.
April 9, 1919. Rehearing Denied
May 7, 1919.)

NEW TRIAL ☞73 — GROUNDS — VERDICT AND
FINDINGS—INCONSISTENT FINDINGS.

Where, in a personal injury suit, the answers indicated that the jury was confused by the multifarious and unnecessary issues submitted, and as a result rendered inconsistent and irreconcilable answers upon which no intelligent judgment could be based, a new trial should have been ordered.

Appeal from District Court, Travis County; M. C. Jeffrey, Judge.

Suit by Martin L. Bowdoin and others against the Houston &.Texas Central Railroad Company. From a judgment for defendant, plaintiffs appeal. Reversed and remanded.

Dickens & Dickens and Lightfoot, Brady & Robertson, all of Austin, for appellants.

Baker, Botts, Parker & Garwood, of Houston, and Garrett & Garrett, of Austin, for appellee.

FLY, C. J.  This is a suit to recover damages arising from personal injuries and partial destruction of an automobile, instituted by Martin L. Bowdoin and his wife, Mary Alice Bowdoin, appellants, against the appellee. There were several grounds of negligence alleged. The first was that the locomotive of appellee was running at a rate of speed in excess of that prescribed by an ordinance of the town of Elgin, which caused it to strike the automobile of appellants at a street crossing; second, third, fifth, and sixth, that no whistle was blown nor bell rung as required by ordinance and statute; fourth, permitting box cars to stand at street crossing, obstructing view; seventh and tenth, failure to keep a lookout; eight, failure to have flagman at crossing; ninth, obstructions of view by freight cars; and, eleventh, discovered peril. The cause was submitted on 32 special issues, formulated by the court, and one asked by appellants, in addition to 12 instructions given by the court, and one at the instance of appellee. The jury answered the questions more or less intelligently, and on the inconsistent and irreconcilable answers judgment was rendered that appellants. take nothing by their suit and pay all costs.

The facts show that the automobile of appellants, which was being manipulated by Mrs. Bowdoin, was struck by an engine belonging to appellee at a street crossing in the town of Elgin, in Bastrop county, Tex. The jury, in response to special issues, found that Mrs. Bowdoin sustained injuries from the collision; that the whistle was not blown nor the bell rung when the engine was approaching the crossing; that the failure to ring the bell was not the proximate cause of the injuries; that a box car was standing in a part of the street crossing in such a way as to interfere with travel, and obstructed the view of appellants towards trains approaching from the east; that it was negligence in appellee to have the box car in the street, and such negligence was the direct and proximate cause of the injuries to appellants; that it was not necessary to have a flagman at the crossing; that appellants were not acquainted with the surroundings of the crossing; that they did not stop, look, and listen for an approaching train; that if they had stopped, looked, and listened, they could have discovered the approach of the engine and avoided the collision, and the failure to do so proximately caused or contributed to the collision; that an ordinarily prudent person would not have stopped, looked, and listened; that their handling of the automobile was not such as to lead the employés on the engine to believe that the automobile would stop and not endeavor to cross the track; that appellants were guilty of contributory negligence in going on the crossing; that, just before the accident, the engineer was looking towards the rear of the train, and such action on his part was negligence and the proximate cause of the injuries; that employés on the engine saw the appellants in a position of danger in time to have stopped the engine and have prevented the collision; that such negligence was not the proximate cause of the injuries; that the train was not being operated at a dangerous rate of speed; that appellants had no trouble in handling the automobile in approaching the crossing; that the damage to the automobile was $300; that Mrs. Bowdoin was injured in the sum of $5,000, and the medical bills were $250.

The answers show an utter failure of the jury to comprehend the multifarious and unnecessary issues submitted, and there was no basis upon which any intelligent judgment could be predicated. For instance, it was declared that the employés saw appellants in a position of danger and peril at a time when by the exercise of ordinary care they could have stopped the train and prevented the injury, and yet that the failure to use such ordinary care was not a proximate cause of the injuries to Mrs. Bowdoin and the damage to the automobile. Of course, the question as to the negligence of appellee in connection with the discovered peril being the proximate cause of the disaster should not have been submitted to the jury, and, when

the jury had rendered such inconsistent answers as was done in several instances, the court should have ordered a new trial.

Every contested issue in this case could have been effectually met through six or eight questions propounded to the jury, and the multiplication of the issues merely confused the jury and caused inconsistent and irreconcilable answers. There are no intricacies or perplexities in the trial of the ordinary personal injury suit, as this is, that could justify the propounding of enough issues to mystify and confuse any jury.

It is unnecessary to consider and discuss the various assignments of error, because a scrutiny of the answers of the jury is sufficient to indicate that no judgment based upon them could be sustained, and the judgment is reversed, and the cause remanded.